

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-84,105-01

### EX PARTE JUAN RAMON MEDRANO JR. , Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 09-12-06579-MCRAJA IN THE 365TH DISTRICT COURT FROM MAVERICK COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual assault of a child and sentenced to fifty-five years' imprisonment.

Applicant contends, among other things, that his counsel rendered ineffective assistance because counsel failed to timely file a notice of appeal.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999); *Ex parte Axel*, 757 S.W.2d 369 (Tex. Crim. App. 1988). In these circumstances, additional facts are needed.

As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. It appears that counsel has conceded he did not perfect appeal. The trial court may order counsel to respond to Applicant's specific claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. It appears that Applicant is represented by one of the attorneys he accuses of being ineffective. If Applicant is indigent and wishes to be represented by different counsel, the trial court shall appoint a different attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether Applicant desired an appeal in this case. If so, the trial court shall make additional findings of fact determining whether Applicant was denied his right to a meaningful appeal because Applicant's counsel failed to timely file a notice of appeal. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: February 3, 2016

Do not publish